IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **RHONDA SCHOPP**,<br><br>        Plaintiff,<br><br>      v.<br><br>**CAROLYN W. COLVIN**,<br>Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. 1:13-cv-01786-SI<br><br>**OPINION AND ORDER** |

Philip W. Studenberg, Attorney at Law, P.C., 230 Main Street, Klamath Falls, OR 97601. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Ronald K. Silver, Assistant United States Attorney, U.S. Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204; Lisa Goldoftas, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S. 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      Rhonda Schopp ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying her application

for disabled widow's benefits ("DIB") under Title II and for supplemental security income

PAGE 1 – OPINION AND ORDER

("SSI") under Title XVI of the Social Security Act. For the reasons discussed below, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala,* 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff was born on February 18, 1958, and is 56 years old. AR 157. Plaintiff's husband passed away on April 1, 2007, and on May 31, 2007, Plaintiff applied for SSI benefits and disabled widow's benefits. Those applications were denied in 2008.

Plaintiff protectively filed additional applications for SSI and disabled widow's benefits on February 17, 2010, alleging disability beginning December 31, 2003. AR 11. The Commissioner denied Plaintiff's claims initially and upon reconsideration. *Id.* Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). *Id.* On January 12, 2012, the ALJ held a video hearing. The ALJ declined to reopen the previous adjudication of Plaintiff's earlier applications. The ALJ found, however, that there were changed circumstances rendering Plaintiff's applications ripe for adjudication without the presumption of continuing non-disability. Because of the prior adjudication, however, the ALJ considered Plaintiff's alleged disability from December 11, 2008 (the day after the previous ALJ decision). The ALJ then issued an unfavorable decision on March 27, 2012, finding Plaintiff not disabled since the alleged onset date. AR 24. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial review of that decision.

### B. The Sequential Analysis

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

PAGE 3 – OPINION AND ORDER

*Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. §§ 404.1520 (DIB), 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510, 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509, 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R.

> §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.
>
> 5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1560(c), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. §§ 404.1566, 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C. The ALJ's Decision

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 11, 2008. AR 14. At step two, the ALJ identified the following severe impairments: history of lumbar and thoracic compression fractures; mild degenerative disc disease of the lumbar spine; lumbar spine syndrome; fibromyalgia; and depression. AR 14-15. At step three, the ALJ concluded that Plaintiff's impairment or combination of impairments did not

PAGE 5 – OPINION AND ORDER

meet or medically equal one of the listed impairments in the regulations. AR 15-17. The ALJ found Plaintiff retained the following RFC: the capacity to perform light work, except she can never climb ladders, ropes, or scaffolds and can no more than occasionally climb ramps and stairs, stoop, kneel, crouch or crawl. AR 17. The ALJ relied on the testimony of a vocational expert ("VE") to conclude at step four that Plaintiff could perform her past relevant work as a bartender. AR 22. In the alternative, the ALJ found that Plaintiff could perform additional work that exists in significant numbers in the national economy. AR. 22-23. The ALJ therefore determined that Plaintiff was not disabled and denied her applications for disabled widow's benefits and for SSI.

## DISCUSSION

### A. Plaintiff Failed to Preserve her Allegations of Error

Plaintiff argues that the ALJ erred by disregarding the Global Assessment of Functioning ("GAF") evidence and in "not giving credibility to the medical assessments of the consultative examiner." Her argument relating to Plaintiff's GAF score is that, "[a]lthough the DSM 5 has done away with GAF scores they still reflect relevant evidence that the ALJ should have considered in his opinion." Plaintiff offers no legal support for this contention and cites only to the report of Klamath County Mental Health assessing Plaintiff with a GAF score of 48. She also does not identify how this alleged error was prejudicial. With respect to the credibility challenge, Plaintiff does not identify which "consultative examiner" she contends was improperly evaluated, cites to no record evidence, does not identify how any alleged error was prejudicial, and offers no argument other than to copy, wholesale, Social Security Ruling 96-6p.

A plaintiff challenging the Commissioner's final decision regarding disability must specifically and directly argue issues in his or her opening brief. *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n. 2 (9th Cir.2008) (court "ordinarily will not consider matters

PAGE 6 – OPINION AND ORDER

on appeal that are not specifically and distinctly argued in an appellant's opening brief") (citation and internal quotations omitted); *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief. . . . and a bare assertion does not preserve a claim . . . ."). A plaintiff must also carry his or her burden in establishing how the alleged errors were prejudicial. *McLeod v. Astrue*, 640 F.3d 881, 887 (9th Cir.2011) (as amended) ("Where harmfulness of the error is not apparent from the circumstances, the party seeking reversal must explain how the error caused harm."); *see also Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) (noting that a court "cannot manufacture arguments for an appellant" and thus "will not consider any claims that were not actually argued in [the] opening brief").

Here, Plaintiff failed properly to argue with the requisite specificity her allegations of error and, thus, failed adequately to preserve those claims. Additionally, Plaintiff failed to meet her burden in establishing how any alleged error was prejudicial. Thus, the Court affirms the decision of the Commissioner.

## B. Plaintiffs' Allegations of Error are Without Merit

Even if Plaintiff had adequately preserved and argued her allegations of error, they are without merit.

### 1. GAF scores

The Social Security Administration has "specifically rejected" the GAF score as a method for evaluating the severity of impairments. *Cowen v. Comm'r of Soc. Sec.*, 400 Fed. App'x 275, 277 n. 1 (9th Cir. 2010) (citing 65 Fed. Reg. 50746, 50764-65 (Aug. 21, 2000) (noting that GAF scale "does not have a direct correlation to the severity requirements in our mental disorders listings")). Moreover, as correctly noted by Plaintiff, the American Psychiatric Association abandoned the GAF scale in its most recent revision to the *Diagnostic and Statistical*

PAGE 7 – OPINION AND ORDER

*Manual of Mental Disorders*. American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* 16 (5th ed. 2013) (DSM–5). These facts cast doubt on the evidentiary value of GAF scores.

Regardless of the evidentiary value of GAF scores, however, the ALJ expressly considered Plaintiff's GAF score. The ALJ noted the score, explained that he gave the score little weight, and discussed why he gave the score little weight. AR 19. The ALJ's assessment is supported by substantial evidence in the record. Thus, the ALJ did not fail to consider Plaintiff's GAF Score in the ALJ's opinion, as Plaintiff contends, and the consideration given by the ALJ was free of error.

### 2. Consultative Examiner

Because Plaintiff failed to identify which "consultative examiner's" assessments were allegedly disregarded, the Court reviewed the ALJ's opinion and finds that he adequately explained the weight he gave to each medical source. The ALJ did not err in his assessment of the medical evidence.

## CONCLUSION

The Commissioner's decision that Ms. Schopp is not disabled is AFFIRMED.

**IT IS SO ORDERED**.

DATED this 22nd day of September, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge